HOLLAND & KNIGHT LLP

ASHLEY L. SHIVELY (SBN 264912)
50 California Street
Suite 2800
San Francisco, CA 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910
E-mail: ashley.shively@hklaw.com

Attorneys for Defendant
The Goodyear Tire & Rubber Company

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARISHA BYARS, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>THE GOODYEAR TIRE AND RUBBER CO., an Ohio corporation; and DOES 1 through 25, inclusive,<br><br>            Defendants. | Case No.: 5:22-cv-1358-SSS-KK<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**28 U.S.C. § 1404(A) AND FRCP 12(B)(6)**<br><br>*[Declaration of Johnny McIntosh; and [Proposed] Order submitted concurrently]*<br><br>Date: December 2, 2022<br>Time: 2:00 p.m.<br>Dept: Courtroom 2, 2nd Floor<br>Judge: Hon. Sunshine Suzanne Sykes |

– 1 –

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, December 2, 2022, at 2:00 p.m., via Zoom in Courtroom 2, 2nd Floor, before the Hon. Sunshine Suzanne Sykes of the above-referenced Court, defendant The Goodyear Tire & Rubber Company ("Goodyear") will move, and hereby moves, this Court, pursuant to 28 U.S.C. § 1404(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, to enter an Order transferring Plaintiff Arisha Byars' ("Plaintiff") case to the Northern District of Ohio or, in the alternative, dismissing the First Amended Complaint ("Amended Complaint") in its entirety.

This Motion is made on the grounds that Plaintiff is bound by a forum-selection clause whereby her claims against Goodyear is subject to the exclusive jurisdiction and venue of the courts located in the State of Ohio. Goodyear therefore requests transfer of Plaintiff's case to a district court in Ohio. Separately, Plaintiff's Amended Complaint falls short of the pleading requirements of Fed. R. Civ. P. 8(a), as articulated in the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, the Amended Complaint should be dismissed for failure to state a claim.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities in support thereof, the Declaration of Johnny McIntosh, the Court file, any response that Plaintiff may file, any reply that Goodyear may file, and any further evidence and argument as may be presented to the Court prior to or at the hearing on this Motion.

This Motion is made following the conferences of counsel pursuant to L.R. 7-3, which occurred on August 16th, September 20th, and September 29th.

Dated: October 5, 2022

HOLLAND & KNIGHT LLP
/s/ *Ashley L. Shively*
Ashley L. Shively
Attorneys for Defendant

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 1 –

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................ 1

II.   PLAINTIFF'S FACTUAL ALLEGATIONS ................................................ 2

III.  LEGAL STANDARD ........................................................................... 3

   A.   Section 1404(a) ....................................................................... 3

   B.   Rule 12(b)(6) .......................................................................... 3

IV.  ARGUMENT ....................................................................................... 4

   A.   Plaintiff Agreed to Litigate Disputes in Ohio .............................. 4

      1.   Plaintiff was on notice of Goodyear's Terms of Use. ............. 5

      2.   Plaintiff's claim is within scope of the forum-selection provision. ......... 8

   B.   Plaintiff's Amended Complaint Fails to Meet Basic Pleading Requirements. ........................................................................ 8

      1.   The Amended Complaint is devoid of factual allegations and should be dismissed in its entirety. ............................................ 9

      2.   Plaintiff fails to state a claim under section 631(a). ...................... 9

         a)   Plaintiff does not allege a violation of section 631(a)'s first clause for intentional wiretapping because she does not allege involvement of the requisite wiretapping device. ........................................ 10

         b)   Plaintiff does not allege a violation of section 631(a)'s second clause for willfully attempting to learn the contents of a communication in transit because she does not allege the interception of any communications while in transit. ............................................. 11

         c)   Plaintiff does not plausibly allege the interception of any "contents." .. 12

         d)   Plaintiff's section 631(a) claim based on alleged violations of the third clause fails because she does not plausibly allege violations of the first two clauses of the statute. ................................................. 14

         e)   Plaintiff does not state a claim for aiding and abetting violations of section 631(a) because she had not plausibly alleged any violations of the statute. .......................................................... 15

      3.   Plaintiff fails to state a claim under section 632.7. ................ 15

         a)   Section 632.7 does not apply here, because Plaintiff alleges recording of communications from an online chat feature, not a telephone call. 16

         b)   Plaintiff does not plausibly allege transmission of communications between the requisite telephone devices. ................................ 17

         c) Plaintiff does not plausibly allege any communication with Goodyear…18

V.   CONCLUSION .................................................................................. 18

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– i –

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Abrams Shell v. Shell Oil Co.*,
    165 F. Supp. 2d 1096 (C.D. Cal. 2001)................................................................8

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ........................................................................3, 4, 9

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Tx.*,
    571 U.S. 49 (2013) ...............................................................................3, 4

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..............................................................................3, 4

*Brodsky v. Apple Inc.*,
    445 F. Supp. 3d 110 (N.D. Cal. 2020) ................................................13

*Brown v. Def. Sec. Co.*,
    No. 12-cv-7319-CAS-PJW, 2012 WL 5308964 (C.D. Cal. Oct. 22, 2012).......16

*Byars v. Hot Topic Inc.*,
    No. 5:22-cv-01652 (C.D. Cal. 2022)......................................................2

*Byars v. Rite Aid Corp.*,
    No. 5:22-cv-01377 (C.D. Cal. 2022)......................................................2

*Byars v. Sterling Jewlers, Inc.*,
    No. 5:22-cv-01456 (C.D. Cal. 2022)......................................................2

*Flanagan v. Flanagan*,
    27 Cal. 4th 766 (2002)...........................................................................16

*Fleet v. Trion Worlds, Inc.*,
    No. 15-cv-04721-WHA, 2016 WL 122855 (N.D. Cal. Jan. 12, 2016)...............8

*Garcia v. Apple Seven Services San Diego, Inc.*,
    No. 20-cv-02385-BAS-MDD, 2021 WL 3725921 (S.D. Cal. Aug. 20, 2021) ....4

*Goldstein v. Costco Wholesale Corp.*,
    559 F. Supp. 3d 1318 (S.D. Fla. 2021)................................................13

– ii –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR,
ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

*Goldstein v. Luxottica of Am., Inc.*,
   No. 21-80546-CIV, 2021 WL 4093295 (S.D. Fla. Aug. 23, 2021) ................... 14

*Graham v. Noom, Inc.*,
   533 F. Supp. 3d 823 (N.D. Cal. 2021) ....................................................... 13, 15

*In re Google Assistant Priv. Litig.*,
   457 F. Supp. 3d 797 (N.D. Cal. 2020) ....................................................... 10, 15

*In re Google Inc.*,
   No. 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013)9, 10, 14

*In re Vizio, Inc., Consumer Privacy Litig.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ............................................................ 12

*In re Zynga Privacy Litig.*,
   750 F.3d 1098 (9th Cir. 2014) ................................................................... 12, 13

*Jacome v. Spirit Airlines, Inc.*,
   No. 2021-000947-CA-01, 2021 WL 3087860 (Fla. 11th Cir. Ct. June 17, 2021)
   ........................................................................................................................ 12

*Johnson v. Blue Nile, Inc.*,
   No. 20-cv-08183-LB, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021) ........... 13, 15

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ............................................................................................... 4

*Martin v. Experian Info. Sols., Inc.*,
   No. SACV 10-1705-JST, 2011 WL 2135699, at *3 (C.D. Cal. Mar. 31, 2011).. 8

*Massie v. Gen. Motors LLC*,
   No. 21-787-RGA, 2022 WL 534468 (D. Del. Feb. 17, 2022) ........................... 14

*Mastel v. Miniclip SA*,
   549 F. Supp. 3d 1129 (E.D. Cal. 2021) .................................................... passim

*Matera v. Google Inc.*,
   No. 15-cv-04062-LHK, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016)........... 10

*Meier v. Midwest Recreational Clearinghouse, LLC*,
   No. 2:10-cv-01026, 2010 WL 2738921 (E.D. Cal. July 12, 2010) ..................... 8

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– iii –

*Mireskandari v. Mail*,
   No. 12-cv-02943-MMM-FFM, 2013 WL 12129559 (C.D. Cal. July 30, 2013) 12

*Quigley v. Yelp, Inc.*,
   No. 17-cv-03771-RS, 2018 WL 7204066 (N.D. Cal. Jan. 22, 2018) ................ 11

*Rodriguez v. PepsiCo Long Term Disability Plan*,
   716 F. Supp. 2d 855 (N.D. Cal. 2010) ................................................................ 4

*Rosenow v. Facebook, Inc.*,
   19-cv-1297-WQH-MDD, 2020 WL 1984062 (S.D. Cal. Apr. 27, 2020) ......... 11

*Sadiq v. Metro. Coffee Co.*,
   No. 21-cv-00747-JST, 2021 WL 4499234 (N.D. Cal. July 12, 2021) ................ 3

*Smith v. LoanMe, Inc.*,
   11 Cal. 5th 183 (2021) ...................................................................................... 16

*Tavernetti v. Superior Court*,
   22 Cal.3d 187 (Cal. 1978) ............................................................................ 9, 14

*Yoon v. Lululemon USA, Inc.*,
   549 F. Supp. 3d 1073 (C.D. Cal. 2021) ............................................................ 13

**STATUTES**

18 U.S.C.
   § 2711(a) ........................................................................................................... 12

28 U.S.C. 1404 .......................................................................................................... 3

28 U.S.C.
   § 1391(b) ............................................................................................................. 3
   § 1391(c)(2) ........................................................................................................ 8

Cal. Penal Code
   § 631 ............................................................................................................. 12, 13
   § 631(a) ...................................................................................................... passim
   § 632.7 ........................................................................................................ passim
   § 632.7(c)(1) ..................................................................................................... 17
   § 632.7(c)(2) ..................................................................................................... 17

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR,
ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8(a)(2) ........................................................................................... 3, 9

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR,
ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's Amended Complaint is her second attempt to allege that Goodyear's chat feature on its website (the "Website") violates the California Invasion of Privacy Act ("CIPA"). But Plaintiff *still* does not allege that she actually used the chat tool, nor does she allege how she otherwise communicated via the Website, as is required for both of her claims against Goodyear. Notably, Plaintiff's use of the Website is governed by Goodyear's Terms of Use, which contain a mandatory forum selection clause providing exclusive jurisdiction in courts in the State of Ohio. Despite Plaintiff's vague disclaimer, Plaintiff was on notice of these Terms of Use. On this basis, Plaintiff's lawsuit should be transferred to the Northern District of Ohio for resolution.

With respect to the merits of her claim, Plaintiff alleges that, at some unspecified time in the past year, she visited Goodyear's Website. (*See* Am. Compl. ¶ 16.) Plaintiff alleges, generally, that she "used smart phones and/or wifi-enabled laptops." (*Id*.) Plaintiff then alleges that "the conversations with [Goodyear] were transmitted from a 'cellular radio telephone and/or 'landline telephone' as defined by CIPA." (*Id*.) Plaintiff does not allege that she had any "conversations" with Goodyear on the Website, nor does she allege any facts to describe the referenced "conversations." According to Plaintiff, "[g]iven the nature of [Goodyear's] business, visitors often share highly sensitive personal data with Defendant via the website chat feature." (*Id*. ¶ 14.) But Plaintiff also does not allege that she shared *any* information with Goodyear, let alone "highly sensitive personal data."

After these allegations, Plaintiff takes implausible leaps forward to conclude that Goodyear intentionally "wiretapped" or recorded communications on the Website. (*See id*. ¶¶ 9, 17; *id*. at 1.) Plaintiff also alleges that Goodyear's use of a third-party technology provider for its Website is akin to Goodyear enabling others to eavesdrop on these communications. (*See id*. ¶ 19.) Plaintiff's conclusory allegations require both

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 1 –

Goodyear and the Court to speculate about perceived harm and draw deductions about material facts for Plaintiff's causes of action. Overall, Plaintiff's Amended Complaint falls short of the pleading requirements. Accordingly, if the Court does not transfer the case pursuant to the forum selection clause, the Court should dismiss Plaintiff's Amended Complaint for failure to state a claim under Rule 12(b)(6).

## II. PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff filed her initial complaint on August 1, 2022.[1] (ECF No. 1.) Six days before Goodyear's response was due, on September 21, 2022, Plaintiff filed a First Amended Complaint. (ECF No. 13.)

The deficiencies of Plaintiff's Amended Complaint are illustrated by the dearth of factual allegations related to her or her activity on the Website. Plaintiff alleges that she visited Goodyear's Website. (*Id.* ¶ 16.) And Plaintiff alleges that Goodyear has a chat feature on its Website. (*See id.* ¶¶ 14, 34.) Notably, though, Plaintiff does <u>not</u> allege that she actually used the chat tool on the Website, or provide any detail as to what she supposedly communicated to Goodyear via the chat tool, or otherwise, on the Website. Rather, Plaintiff alleges only that she and the putative class "communicated" with Goodyear using a "smartphone[] and/or device[] enabled by cellular or landlines telephony." (*Id.* ¶ 33.)

Plaintiff claims that Goodyear uses third-party software on its Website to "record and eavesdrop" on communications without consent. (*See id.* ¶¶ 11, 28.) Plaintiff alleges that Goodyear aided, abetted, and paid third parties to "eavesdrop upon, and store transcripts of Defendant's chat communications with unsuspecting website visitors." (*Id.* ¶¶ 11, 29.)

---

[1] Notably, Plaintiff has filed at least three other lawsuits accusing other companies of the same alleged "wiretapping" via website chat features. *Byars v. Rite Aid Corp.*, 5:22-cv-01377 (C.D. Cal. 2022); *Byars v. Sterling Jewlers, Inc.*, No. 5:22-cv-01456 (C.D. Cal. 2022); *Byars v. Hot Topic Inc.*, No. 5:22-cv-01652 (C.D. Cal. 2022). Plaintiff's attorneys have filed at least 29 lawsuits asserting similar claims of wiretapping.

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Based on these allegations, Plaintiff asserts two claims for violations of CIPA section 631(a) and section 632.7.

## III.   LEGAL STANDARD

### A.   Section 1404(a)[2]

A valid forum-selection clause "represents the parties' agreement as to the most proper forum." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Tx.*, 571 U.S. 49, 63 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). "In such cases, the plaintiff's choice of forum merits no weight, and 'as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted.'" *Id.* "[P]roper application of § 1404(a) requires that a forum-selection clause be "given controlling weight in all but the most exceptional cases." *Id.* at 59–60 (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)).

### B.   Rule 12(b)(6)

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

[2] The Supreme Court in *Atl. Marine* clarified that Rule 12(b)(3) is "not [a] proper mechanism[ ] to enforce a forum-selection clause" where venue is otherwise proper under 28 U.S.C. § 1391(b). *See Atl. Marine*, 571 U.S. at 62. Nonetheless, "courts in this circuit have continued to apply the standard of review for Rule 12(b)(3) motions in considering the enforceability of a forum-selection clause under § 1404(a) and the doctrine of *forum non conveniens*." *Sadiq v. Metro. Coffee Co.*, 21-cv-00747-JST, 2021 WL 4499234, at *2 (N.D. Cal. July 12, 2021). Goodyear includes discussion of 28. U.S.C. 1404, only, based on this precedent. To the extent the Court looks to Rule 12(b)(3), dismissal of Plaintiff's Amended Complaint under Rule 12(b)(3) is appropriate for the same reasons transfer is appropriate under 28 U.S.C. 1404.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 3 –

(quoting *Twombly*, 550 U.S. at 555). "Nor does a claim suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (emphasis added) (quoting *Twombly* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)); *see also Iqbal*, 556 U.S. at 678.

## IV.   ARGUMENT

### A.   <u>Plaintiff Agreed to Litigate Disputes in Ohio</u>

Forum selection clauses "are prima facie valid." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause "should control absent a strong showing that it should be set aside." *Rodriguez v. PepsiCo Long Term Disability Plan*, 716 F. Supp. 2d 855, 857 (N.D. Cal. 2010) (citing *M/S Bremen*, 407 U.S. at 15). *See M/S Bremen*, 407 U.S. at 15 (explaining that forum selection clauses should be enforced unless there is a strong showing that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."). Forum selection clauses control in "all but the most exceptional cases." *Atl. Marine*, 571 U.S. at 60.

Plaintiff's Amended Complaint is based on her use of Goodyear's Website, though the extent of that use remains unclear. Plaintiff specifically references the Website by its URL (Am. Compl. at 1), and her description of Goodyear as the defendant centers around Goodyear's Website (*id*. ¶ 5 (describing Goodyear as "an Ohio corporation that owns, operates, and/or controls the above-referenced website.").) Accordingly, because the Website is central to the Amended Complaint, the Court can consider the contents of the Website at the motion-to-dismiss stage. *See Garcia v. Apple Seven Services San Diego, Inc.*, No. 20-cv-02385-BAS-MDD, 2021 WL

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 4 –

3725921, at *2 (S.D. Cal. Aug. 20, 2021) (looking to contents of defendant's website (including screenshots provided by defendant) to determine whether complaint stated a plausible claim under Rule 12(b)(6), where plaintiff incorporated the website into her complaint by claiming as a "core allegation . . . that the website does not contain enough information" to comply with the ADA, and where "the Complaint makes extensive references to the website").

The Terms of Use that apply to Goodyear's Website contain a forum selection clause providing that the courts of Ohio have exclusive jurisdiction over any claim arising from use of the Website, like Plaintiff's claims here. *See* Declaration of Johnny McIntosh ("McIntosh Decl.") ¶ 10 ("You consent and submit to the **sole and exclusive jurisdiction** by and venue in the courts located in the State of Ohio, one of the United States of America, in any legal proceeding directly or indirectly arising out of or relating to the Sites.") (emphasis added).

### 1.    Plaintiff was on notice of Goodyear's Terms of Use.

When Plaintiff visited the Website for the first time, Goodyear immediately presented Plaintiff with a banner, which informed Plaintiff of the Website's use of



Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 5 –

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR,
ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

certain technologies and linked to Goodyear's Privacy Policy to "learn more or manage your personal preferences . . ." McIntosh Decl. ¶ 5. Upon clicking the hyperlinked Privacy Policy, Plaintiff would have been directed to a page titled "Terms, Conditions & Privacy Policy":



*Id.* ¶ 7. Goodyear's Terms of Use states the following at the top of the page, in all capital letters:

> PLEASE READ THESE TERMS OF USE CAREFULLY. **BY ACCESSING, BROWSING, OR USING THIS WEBSITE, ONLINE SERVICE OR MOBILE APPLICATION, YOU AGREE TO BE BOUND BY THE TERMS DESCRIBED HEREIN** AND ALL TERMS INCORPORATED BY REFERENCE, ALONG WITH ANY AND ALL APPLICABLE LAWS AND REGULATIONS. **IF YOU DO NOT AGREE TO ALL OF THESE TERMS, DO NOT USE THIS WEBSITE, ONLINE SERVICE OR MOBILE APPLICATION.**

– 6 –

*Id*. ¶ 9 (emphasis added). Under a section titled "**APPLICABLE LAWS**," with the title bolded, in large font, and in all capital letters, the Terms of Use reads:

> Your use of the Sites will be governed in all respects by the laws of the State of Ohio, USA, without regard to choice of law provisions. You consent and submit to the sole and exclusive jurisdiction by and venue in the courts located in the State of Ohio, one of the United States of America, in any legal proceeding directly or indirectly arising out of or relating to the Sites. By using the Sites, you consent to service of process in accordance with the rules of such courts, irrevocably submit to the jurisdiction of such courts, and waive any objection that you may have to either the jurisdiction or venue of such courts.

*Id*. ¶ 10.

Plaintiff admits that she visited the Website. (Am. Compl. ¶ 16.) So, Plaintiff was necessarily confronted with a pop-up banner putting her on notice of the terms that applied to her use of the Website. *See* McIntosh Decl. ¶¶ 5-7.

Thereafter, the Terms of Use are available to Plaintiff and all website visitors via a persistent footer that appears on all of Goodyear's webpages. *Id*. ¶ 8.



Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 7 –

**2.   Plaintiff's claim is within scope of the forum-selection provision.**

Plaintiff's purported use of the Website is undoubtedly governed by Goodyear's Terms of Use, which includes a mandatory forum selection cause. *See id*. ¶ 9 (BY ACCESSING, BROWSING, OR **USING THIS WEBSITE**, ONLINE SERVICE OR MOBILE APPLICATION, **YOU AGREE TO BE BOUND BY THE TERMS DESCRIBED HEREIN . . .**") (bold emphasis added); *see also Fleet v. Trion Worlds, Inc.*, No. 15-cv-04721-WHA, 2016 WL 122855, at *4 (N.D. Cal. Jan. 12, 2016) ("enforceable forum-selection clauses providing that 'venue' for an action 'shall' be in a specific location, as here, are mandatory and provide the exclusive forum for such actions.") (citing *Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989)).

Because Plaintiff's claim presumably arises from her use of the Website—specifically, through some undescribed communication between her and Goodyear via the Website—Goodyear's valid forum selection clause necessitates transfer of Plaintiff's case to the Northern District of Ohio.[3] *See Meier v. Midwest Recreational Clearinghouse, LLC*, No. 2:10-cv-01026, 2010 WL 2738921, at *3 (E.D. Cal. July 12, 2010) (enforcing forum-selection clause included in the terms and conditions of defendant's website, and granting defendant's motion to dismiss for improper venue). Accordingly, Goodyear requests transfer of Plaintiff's case to the appropriate and agreed-to forum.

**B.   Plaintiff's Amended Complaint Fails to Meet Basic Pleading Requirements.**

If the Court determines that Plaintiff's case should be transferred to the Northern District of Ohio pursuant to Goodyear's mandatory forum selection clause, the Court

---

[3] The Northern District of Ohio is the appropriate forum, because it is the district in which Goodyear is headquartered. *See Martin v. Experian Info. Sols., Inc.*, No. SACV 10-1705-JST, 2011 WL 2135699, at *3 (C.D. Cal. Mar. 31, 2011) (finding venue proper, "considering the location of Defendant's headquarters."). *See also* 28 U.S.C. § 1391(c)(2).

– 8 –

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1   need not consider Goodyear's challenges to the merits of Plaintiff's Amended
2   Complaint under Rule 12(b)(6). *See Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d
3   1096, 1110 (C.D. Cal. 2001) (granting motion to transfer for improper venue and
4   declining to, "in the absence of proper venue, reach the merits of the Rule 12(b)(6)
5   Motion filed by Defendants"). In an abundance of caution, however, Goodyear raises
6   these merits-challenges below. In the alternative to Goodyear's request for transfer,
7   Goodyear requests that the Court dismiss Plaintiff's Amended Complaint for failure to
8   meet the requisite pleadings standards.

### 1.      The Amended Complaint is devoid of factual allegations and should be dismissed in its entirety.

Though Plaintiff's claims appear targeted at the chat feature on Goodyear's Website, Plaintiff alleges no facts to show that she ever used the chat feature, nor does she allege any facts about her interactions with Goodyear's Website. The Amended Complaint consists of generic assumptions, highly general allegations, and recitations of the elements of a section 631(a) and section 632.7 claim. Dismissal is warranted on this basis alone. *See Iqbal*, 556 U.S. at 663 (Rule 8(a)(2) requires "<u>sufficient factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face'") (quoting *Twombly*, 550 U.S. at 570) (emphasis added).

### 2.      Plaintiff fails to state a claim under section 631(a).

Section 631(a) of the CIPA contains three operative clauses covering "three distinct and mutually independent patterns of conduct": (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire," and (3) "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Tavernetti v. Superior Court*, 22 Cal.3d 187, 192 (Cal. 1978); *accord In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, at *15 (N.D. Cal. Sept. 26, 2013). "Section 631(a) further contains a fourth basis for liability, for anyone 'who aids, agrees with, employs, or conspires

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 9 –

1   with any person or persons to unlawfully do, or permit, or cause to be done any of the'

2   other three bases for liability." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D.

3   Cal. 2021) (quoting Cal. Penal Code § 631(a)).

4          Plaintiff attempts to allege violations of all three clauses of section 631(a) (*see*

5   Am. Compl. ¶ 26 ("Defendant does all three")) and also alleges that Goodyear aided

6   and abetted third parties eavesdropping (*id.* ¶ 29).

7                    a)    <u>Plaintiff does not allege a violation of section 631(a)'s first
                           clause for intentional wiretapping because she does not</u>

8                          <u>allege involvement of the requisite wiretapping device.</u>

9          In order to state a claim under section 631(a)'s first clause, a plaintiff must allege

10  that the defendant "intentionally tap[ped], or ma[de] any unauthorized connection . . .

11  with any telegraph or telephone wire, line, cable, or instrument . . . ." *Mastel*, 549 F.

12  Supp. 3d at 1134 (quoting Cal. Penal Code § 631(a)). Without any facts in support,

13  Plaintiff sweepingly alleges that section 631(a) applies to electronic communications.

14  (Am. Compl. ¶ 27.) However, Plaintiff's claim under the first prong of section 631(a)

15  can only exist if the requisite wiretapping devices are involved. *See* Cal. Penal Code §

16  631(a). *See also Mastel*, 549 F. Supp. 3d at 1135 (following "the overwhelming weight

17  of authority [and] requiring a plaintiff to plausibly allege that a defendant intentionally

18  tapped or made an unauthorized connection with a '<u>telegraph or telephone</u> wire, line,

19  cable, or instrument' to state a claim under § 631(a)'s first clause.") (quoting Cal. Penal

20  Code § 631(a)) (emphasis in original); *Matera v. Google Inc.*, No. 15-cv-04062-LHK,

21  2016 WL 8200619, *18 (N.D. Cal. Aug. 12, 2016) (finding that § 631(a)'s first prong

22  is "limited to communications passing over 'telegraph or telephone' wires, lines, or

23  cables"); *In re Google Inc.*, No. 13-MD-02430-LHK, 2013 WL 5423918, *20 (N.D.

24  Cal. Sep. 26, 2013) (explaining that the first prong of CIPA is "limited to

25  communications passing over 'telegraphic or telephone' wires, lines, or cables");

26  *accord In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 979, 826 (N.D. Cal.

27  2020) ("*Google Assistant*") (holding that CIPA claim under first clause must be

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 10 –

dismissed if allegations do not show that technology at issue "operates using telegraph or telephone wires"). Because Plaintiff does not allege the existence of these threshold devices, her claim under the first prong should be dismissed.

b)     <u>Plaintiff does not allege a violation of section 631(a)'s second clause for willfully attempting to learn the contents of a communication in transit because she does not allege the interception of any communications while in transit.</u>

Under section 631(a)'s second clause, a plaintiff must allege that the defendant "willfully and without the consent of all parties to the communication, or in any unauthorized manner, read[], or attempt[ed] to read, or to learn the contents or meaning of any message, report, or communication while the same [was] in transit or passing over any wire, line, or cable, or [was] being sent from, or received at any place within [California]." *Mastel*, 549 F. Supp. 3d at 1135 (quoting Cal. Penal Code § 631(a)).

"Courts interpreting the second clause have generally held that it is not limited to communications sent via telephone or telegram wire, line, or cable." *Id.* (citing *Matera*, 2016 WL 8200619, at *18; *In re Google Inc.*, 2013 WL 5423918, at *20; *Google Assistant*, 457 F. Supp. 3d at 826). The second clause, however, only imputes liability when a defendant reads, or attempts to read, a communication that is "<u>in transit</u> or <u>passing</u> over any wire, line, or cable, <u>or is being sent from, or received</u> at any place within" California." *Id.* (emphasis in original).

Here, Plaintiff alleges that a third party company can "intercept in real time, eavesdrop upon, and store transcripts" of conversations users have with Goodyear's Website chat tool. (Am. Compl. ¶ 11.) But Plaintiff's mere mention of "real time" is not sufficient to state a claim under section 631(a). The allegations are conclusory, and Plaintiff never alleges that her own communications were intercepted while in transit. *See Rosenow v. Facebook, Inc.*, 19-cv-1297-WQH-MDD, 2020 WL 1984062, at *7 (S.D. Cal. Apr. 27, 2020) (dismissing federal wiretap claim because "Rosenow's allegation that Yahoo intercepted Rosenow's communications during transit are

– 11 –

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

conclusory. Rosenow fails to allege facts that support an inference that Yahoo 'captured or redirected' the contents of Rosenow's communications while in transit."); *Quigley v. Yelp, Inc.*, No. 17-cv-03771-RS, 2018 WL 7204066, at \*4 (N.D. Cal. Jan. 22, 2018) (dismissing section 631(a) claim because the plaintiff "has not alleged facts giving rise to an inference that his communications were intercepted while 'in transit' as required under Section 631 of the California Penal Code."); *Mireskandari v. Mail*, No. 12-cv-02943-MMM-FFM, 2013 WL 12129559, \*10, n.44 (C.D. Cal. July 30, 2013) (plaintiff failed to allege violation of second clause of section 631(a) because complaint did not "plausibly [] plead that NSC intercepted any electronic communication while it was in transit; at most, he alleges the illegal disclosure of data NSC held in storage"); *see also In re Vizio, Inc., Consumer Privacy Litig.*, 238 F. Supp. 3d 1204, 1227–28 (C.D. Cal. 2017) ("vague allegations about how Vizio's data collection occurs '<u>in real time</u>'" were insufficient to state a federal wiretap claim) (emphasis added); *Jacome v. Spirit Airlines, Inc.*, No. 2021-000947-CA-01, 2021 WL 3087860, at \*11 (Fla. 11th Cir. Ct. June 17, 2021) (allegations that "technology utilized by Defendant gave Defendant the ability to view Plaintiff's website visits live in real-time as they were occurring," lacked "any ultimate facts in support," and were "insufficient to demonstrate that any interception happened contemporaneously with transmission as opposed to being received from storage."). Because Plaintiff does not allege any plausible facts to establish the interception of communications in transit, her claim under the second prong of section 631(a) should be dismissed.

c) <u>Plaintiff does not plausibly allege the interception of any "contents."</u>

Plaintiff's section 631(a) claim under the second clause of CIPA also fails because Plaintiff does not allege the "contents" of her communication within the scope of the statute. "Contents" in the wiretapping context is defined as "information concerning the substance, purport, or meaning of [a] communication." *In re Zynga*

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 12 –

*Privacy Litig.*, 750 F.3d 1098, 1105 (9th Cir. 2014) (citing 18 U.S.C. §§ 2510(8), 2711(a)); *see Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (recognizing that "contents" of a communication under CIPA are the same as under federal Wiretap Act). In other words, the contents of a communication is the essential part of the message that one intends to convey. *In re Zynga Privacy Litig.*, at 1106.

Here, Plaintiff does not allege any detail about her purported communications on the Website. Plaintiff alleges only that "Section 631 . . . applies to internet communications and thus applies to Plaintiff's . . . electronic communications with Defendant's Website," (Am. Compl. ¶ 27), and that Goodyear "caused the internet communication" to be recorded (*id.* ¶ 29), in a general fashion. Without any allegation about <u>what and how</u> Plaintiff communicated on the Website (if she communicated with Goodyear via its Website at all), neither Goodyear nor the Court can determine the "contents" of Plaintiff's communications, or whether section 631(a) is even implicated by the alleged conduct. *See Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 833 (N.D. Cal. 2021) (dismissing section 631(a) claim "to the extent that it is predicated on non-content information."); *Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 WL 1312771, at *2 (N.D. Cal. Apr. 8, 2021) (same); *see also Goldstein v. Costco Wholesale Corp.*, 559 F. Supp. 3d 1318, 1322 (S.D. Fla. 2021) ("The Court must know what information was allegedly intercepted to determine whether it qualifies as content. Like every element of the [Florida wiretapping statute], content must be plausibly alleged, and courts routinely dismiss complaints that fail to do so.") (citing cases). Because Plaintiff has failed to allege any facts about her communications with the Website, she fails to state a claim under the second clause of section 631(a).

Furthermore, to the extent Plaintiff believes her "electronic communications" on the Website included keystrokes and mouse clicks, as she alluded to in her initial complaint, Plaintiff's claim still would not survive Goodyear's Motion to Dismiss. First, just as in her first complaint, Plaintiff does not allege that she typed anything into

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

the Website using her keyboard (keystrokes) or clicked on anything when she visited the Website (mouse clicks). Even if she had included these allegations in her Amended Complaint, such facts would not state a claim. Courts have consistently held that keystrokes and mouse clicks do not constitute "contents" for purposes of a wiretapping claim, as a matter of law. *See, e.g., Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082-83 (C.D. Cal. 2021) ("Yoon alleges that Quantum Metric recorded her keystrokes, mouse clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device. None of these pieces of data constitutes message content") (citations to pleading omitted); *Graham*, 533 F. Supp. 3d at 833 (IP addresses, locations, browser types, and operating systems are not "content" under CIPA); *Massie v. Gen. Motors LLC*, No. 21-787-RGA, 2022 WL 534468, at *2 (D. Del. Feb. 17, 2022) ("video-accurate renders of real visits" not "content" under California Invasion of Privacy Act).[4]

        d)     <u>Plaintiff's section 631(a) claim based on alleged violations of the third clause fails because she does not plausibly allege violations of the first two clauses of the statute.</u>

The third clause of section 631(a) prohibits anyone from "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Tavernetti v. Superior Court*, 22 Cal.3d 187, 192 (1978); *accord In re Google Inc.*, 2013 WL 5423918, at *15. Because Plaintiff fails to state a claim under the first clause or the second clause of section 631(a), her contention that Goodyear violated section 631(a)'s third clause fails as a matter of law. *Mastel*, 549 F. Supp. 3d

---

[4] Florida courts analyzing wiretap claims under Florida's analogous law hold the same. *See, e.g., Goldstein v. Luxottica of Am., Inc.*, 21-80546-CIV, 2021 WL 4093295, at *2 (S.D. Fla. Aug. 23, 2021), *report and recommendation adopted*, 21-80546-CIV, 2021 WL 4125357 (S.D. Fla. Sept. 9, 2021) ("mouse clicks and movements, keystrokes, search terms, information inputted by Plaintiff, and pages and content viewed by Plaintiff were . . . precisely the type of non-record information that courts consistently find do not constitute 'contents' under the Federal Wiretap Act or any of its state analogs because it does not convey the substance or meaning of any message.") (citing *Jacome v. Spirit Airlines, Inc.*, Case No. 2021-000947-CA-01, 2021 WL 3087860 (Fla. 11th Cir. Ct. June 17, 2021)).

– 14 –

at 1137 (E.D. Cal. 2021); *see Google Assistant,* 457 F. Supp. 3d at 827 ("Plaintiffs must establish that the information at issue . . . was obtained through a violation of the first or second clauses. Because plaintiffs have not done so, they also have failed to plead a violation of the third clause.").

<blockquote>
e)   <u>Plaintiff does not state a claim for aiding and abetting violations of section 631(a) because she had not plausibly alleged any violations of the statute.</u>
</blockquote>

Likewise, because Plaintiff has failed to establish an underlying violation of section 631(a), she cannot maintain a section 631(a) claim against Goodyear for aiding and abetting. *Mastel*, 549 F. Supp. 3d at 1137; *see also Noom*, 533 F. Supp. 3d at 833 (explaining that vendor who provided Noom with a tool, which allowed Noom to record and analyze its own data in aid of Noom's business, "is not a third-party eavesdropper," so "Noom is not liable for aiding and abetting [vendor's] wrongdoing because there is no wrongdoing."); *Blue Nile*, 2021 WL 1312771, at \*2; *see* Cal. Penal Code § 631(a).

Based on these deficiencies, Plaintiff's section 631(a) claim fails to satisfy Rule 8(a)'s pleading requirements and must be dismissed. The Court should dismiss this claim with prejudice, because Plaintiff already had the opportunity to amend and cure these defects after several thorough conferences with Goodyear's counsel, and Plaintiff did not make any attempts to cure these pleading defects.

### 3.   Plaintiff fails to state a claim under section 632.7.

Section 632.7 of the CIPA makes liable any person "who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone." Cal. Penal Code § 632.7. Plaintiff fails to state a claim for violation of this provision.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

– 15 –

a)    <u>Section 632.7 does not apply here, because Plaintiff alleges recording of communications from an online chat feature, not a telephone call.</u>

Section 632.7 concerns the recording of telephone-to-telephone communications where one party uses a cellular or cordless phone, without consent of all parties to the conversation. *See* Cal. Penal Code § 632.7; *see also Brown v. Def. Sec. Co.*, 12-cv-7319-CAS-PJW, 2012 WL 5308964, at *5 (C.D. Cal. Oct. 22, 2012) (explaining that the "clear and unambiguous language" of section 632.7 is to "prevent[] a party to <u>a cell phone conversation</u> from recording it without the consent of all parties to the conversation.") (emphasis added). Section 632.7 was created because, before it existed, "there was no practical means of <u>protecting cordless and cellular phone conversations</u> from accidental eavesdropping." *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 188 (2021) (emphasis added); *see also Flanagan v. Flanagan*, 27 Cal. 4th 766, 776 (2002) ("Responding to the problem of <u>protecting the privacy of parties to calls involving cellular or cordless telephones</u>, the Legislature prohibited the . . . intentional interception or recording of a communication involving a cellular phone or a cordless phone (§ 632.7).") (emphasis added).

The Court should reject Plaintiff's attempt to extend the bounds of section 632.7 beyond its clear and unambiguous terms. Plaintiff's Amended Complaint is based on a chat feature on Goodyear's Website, not any telephone conversations. Because Plaintiff's Amended Complaint, on its face, does not involve a telephone call between herself and Goodyear, section 632.7 does not apply, and Plaintiff's claim should be dismissed.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR,
ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

b)   Plaintiff does not plausibly allege transmission of communications between the requisite telephone devices.

Even if section 632.7 somehow did apply to this set of facts (an online chat feature, not a telephone call[5]), Plaintiff's section 632.7 claim would still fail. While Plaintiff alleges that she communicated with Goodyear using a smartphone "and/or devices enabled by cellular or landline telephon[e]" (Am. Compl. ¶ 33), she does not allege that she spoke with Goodyear on the telephone. Her lack of specificity here warrants dismissal. Plaintiff has not plausibly alleged the manner in which she supposedly communicated with Goodyear, which is a critical element of her section 632.7 claim.

Plaintiff also alleges that communications from Goodyear's Website's chat function are "transmitted via a combination of landline telephon[e] and cellular telephon[e]." (Am. Compl. ¶ 34.) But this is not a plausible allegation either. The plain language of section 632.7 only applies to a communication transmitted between one of the following: (1) two cellular radio telephones; (2) a cellular radio telephone and a landline telephone; (3) two cordless telephones; (4) a cordless telephone and a landline telephone; (5) or a cordless telephone and a cellular radio telephone. Cal. Penal Code § 632.7.[6] On its face, Plaintiff's vague allegations about possible devices do not fall within these five categories of telephone devices.

---

[5] Notwithstanding Plaintiff's suggestion, no case has applied section 632.7 to the use of embedded software code on a website.
[6] The statute defines "Cellular radio telephone" as "a wireless telephone authorized by the Federal Communications Commission to operate in the frequency bandwidth reserved for cellular radio telephones"; and "Cordless telephone" as "a two-way, low power communication system consisting of two parts, a 'base' unit which connects to the public switched telephone network and a handset or 'remote' unit, that are connected by a radio link and authorized by the Federal Communications Commission to operate in the frequency bandwidths reserved for cordless telephones." Cal. Penal Code §§ 632.7(c)(1), (c)(2).

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

DEFENDANT'S NOTICE OF MOTION AND MOTION TO TRANSFER OR, ALTERNATIVELY, DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

### c) Plaintiff does not plausibly allege any communication with Goodyear.

Plaintiff's section 632.7 claim suffers from the same pleading deficiencies as her section 631(a) claim. For instance, Plaintiff has not alleged <u>any</u> facts about her communication with Goodyear's Website, so she does not plausibly allege that Goodyear recorded any communication. *See supra* § 2(a). Similarly, without any description of the manner or substance of her purported communication, Plaintiff does not plausibly allege that Goodyear assisted third parties in the interception or recordation of any communication. Based on these deficiencies, Plaintiff's section 632.7 claim fails to satisfy Rule 8(a)'s pleading requirements and must be dismissed.

## V.    CONCLUSION

For the reasons discussed herein, Defendant Goodyear Tire & Rubber Company respectfully requests that this Court transfer Plaintiff's case to the Northern District of Ohio or, alternatively, dismiss the Amended Complaint for failure to state any viable claim for relief. As discussed above, because Plaintiff made no attempts to correct the various pleading deficiencies in her section 631(a) claim, this claim should be dismissed with prejudice.

Respectfully submitted,

Dated: October 5, 2022                    HOLLAND & KNIGHT LLP


                                          /s/ *Ashley L. Shively*
                                          Ashley L. Shively
                                          Attorney for Defendant