UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:22-cv-01358-SSS-DTBx | Date | June 11, 2024 |
|---|---|---|---|
| Title | *Arisha Byars v. The Goodyear Tire and Rubber Co., et al.* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER REOPENING THE CASE, GRANTING PLAINTIFF'S APPLICATION TO FILE DOCUMENT UNDER SEAL, [Dkt. 41], AND GRANTING THE PARTIES' STIPULATION TO DISMISS THE CASE [Dkt. 43]**

Before the Court is Plaintiff Arisha Byars' application to file the confidential settlement under seal (the "Application"), [Dkt. 41], and the Parties' stipulation to dismiss the case (the "Stipulation"). [Dkt. 43]. Due to inadvertence, this case was closed on April 29, 2024. As such, the Court hereby **REOPENS** the case to resolve the pending Application and Stipulation. For the reasons set forth below, the Court **GRANTS** the Application and Stipulation.

In the Ninth Circuit, there is "a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). When a party seeks to seal a document that is attached to a motion that is unrelated or only tangentially related to the merits of the case, "a party need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Foltz*, 331 F.3d at 1135). Pursuant to Local Rule 79-5.2.2(a)(ii)–(iii), a party seeking to seal a document must include a "proposed

order, narrowly tailored to seal only the sealable material" and "a redacted version" of the document.  While settlement disposes of a case, it does not address the merits of the case.  Thus, the Court considers Byars' Application under the good cause standard.  *See Primerica Life Ins. Comp. v. Reyes*, No. 22-1463-L-AGS, 2023 WL 3309857, at *1 (S.D. Cal. May 8, 2023); *Ctr. for Auto Safety*, 809 F.3d at 1098.  For good cause to exist, the party seeking protection of a document bears the burden of showing specific prejudice or harm that will result if the protective order is denied.  *Phillips ex. rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  If a court finds harm will result from public disclosure of the information, the court then must balance the public and private interests to decide whether a protective order is necessary.  *Id*. at 1210–11.

Here, the settlement agreement contains a confidentiality provision, and Byars redacts the portion of the settlement agreement relating to the settlement sum.  [Dkt. 41-1 at 6; Dkt. 41-1 at 4].  Courts have found applications to seal settlement agreements meet the good cause standard in similar circumstances.  *See United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 15-04050-MEJ, 2015 WL 13390186, *at 3 (N.D. Cal. Nov. 10, 2015) (granting an application to seal a settlement agreement because "sound judicial policy fosters and protects" settlement as a form of alternative dispute resolution); *Milliner v. Mutual Secs, Inc.,* No. 15-03354-DMR, 2021 WL 2645794, at *5 (N.D. Cal. Feb. 15, 2023) (finding good cause supports sealing a settlement agreement where the settlement agreement contained a confidentiality provision).  As such, the Court **GRANTS** the Application.  [Dkt. 41].

Regarding the Stipulation, the Court finds Byars sufficiently addresses the *Diaz* factors.  [Dkt. 41 at 4–5].  As such, the Court **GRANTS** the Stipulation.  [Dkt. 43].

In sum, the Court **GRANTS** the Stipulation, [Dkt. 43], and the Application.  [Dkt. 41].  The Parties are hereby **ORDERED** to file a copy of the redacted version of the settlement no later than June 14, 2024.  Upon receipt of the redacted copy, the Clerk will be **DIRECTED** to **CLOSE THE CASE**.  A separate shall be issued.

**IT IS SO ORDERED**.