Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Matthew R. Snyder (350907)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Tel: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
msnyder@toddflaw.com

Attorneys for Plaintiff

# UNITED STATE DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

ARISHA BYARS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

THE GOODYEAR TIRE AND RUBBER CO., et al.,

Defendants.

Case No.: 5:22-cv-01358-SSS-DTB

**DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF PLAINTIFF'S UNOPPOSED APPLICATION FOR LEAVE TO FILE PORTIONS OF DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79.5**

I, Todd M. Friedman, declare and state as follows:

1.      I am an attorney at law duly licensed to practice before this court.  I am counsel of record for Plaintiff Arisha Byars ("Plaintiff"). I have personal knowledge of the facts set forth in this declaration, or know them to be true based on my review of the files kept in the regular course of my law firm's business, and could and would testify competently to these facts if called upon to do so. I submit this declaration in support of Plaintiff's Application for Leave to File Portions of Document Under Seal Pursuant to Civil Local Rule 79.5.

2.      This motion is made following the conference of counsel pursuant to Local Rule 7-3 which most recently took place on April 26, 2024.  Counsel for Defendant The Goodyear Tire and Rubber Co. ("Defendant") confirmed Defendant does not oppose the application to seal limited portions of the Confidential Agreement.

3.      Attached hereto as **Exhibit A** is the individual Confidential Settlement Agreement and Release of Claims entered into between Plaintiff and Defendant on December 5, 2023, calling for the dismissal of Plaintiff's claims with prejudice and dismissal of the putative class's claims *without* prejudice.


I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed this 26th Day of April, 2024.

<u>/s/ Todd M. Friedman</u>

Todd M. Friedman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit A**

## CONFIDENTIAL SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

This Settlement Agreement and General Release (the "Agreement") is entered into as of the date of the last signature below (the "Effective Date") between plaintiff Arisha Byars ("Plaintiff") on the one hand, and defendant The Goodyear Tire & Rubber Company, ("Defendant"). (Plaintiff and Defendant are each sometimes referred to as a "Party" and collectively as the "Parties").

## RECITALS

WHEREAS, on August 1, 2022, Plaintiff filed a complaint in the United States District Court for the Central District of California, Case No. 5:22-cv-01358-SSS-KK, alleging violations of California's Invasion of Privacy Act, Penal Code §§ 630 *et seq.* and related privacy claims, stemming from the use of third party tools or technology on the goodyear.com website (the "Action");

WHEREAS, Defendant denies all Plaintiff's claims and further any liability to Plaintiff with respect to the Action;

WHEREAS, the Parties wish to settle and compromise all disputes between them, not as an admission of liability or as an admission of merit or lack of merit of any claim or defense of either Party, but as a means to avoid the expense, inconvenience, and uncertainties of litigation;

NOW, THEREFORE, in consideration of the mutual promises and obligations set forth below and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree to resolve the Action as follows:

1.    Recitals. The recitals set forth above shall be incorporated into and made a part of the covenants of this Agreement.

2.    Obligations of Defendant

    a.    Settlement Payment. Defendant shall pay Plaintiff the gross amount of ▮▮▮▮▮▮▮▮▮▮▮▮ inclusive of all attorneys' fees, costs, and alleged damages (the "Settlement Funds"). The Settlement Funds shall be paid by check, payable to the Law Offices of Todd M. Friedman, P.C. (the "Payment"). The Payment shall be paid within thirty (30) days from the later of (1) full execution of this Agreement; and (2) delivery of an IRS Form W-9 completed with the Law Offices of Todd M. Friedman, P.C.'s taxpayer identification number.

    b.    Adequacy of Consideration. The Parties expressly stipulate that the consideration referred to herein, together with all of the other promises and agreements contained herein, constitute adequate and ample consideration for the rights and claims they agree to release pursuant to this Agreement, and for the obligations imposed upon them by virtue of this Agreement.

1

*Arisha Byars v.*
*The Goodyear Tire & Rubber Co.*

3.    Obligations of Plaintiff

a.    <u>Release by Plaintiff</u>. Plaintiff and each of her present, former, and future heirs, executors, administrators, partners, co-obligors, co-guarantors, guarantors, sureties, family members, spouses, attorneys, insurers, agents, representatives, predecessors, successors, assigns, beneficiaries, trustees, co-trustees and all those who claim through them or could claim through them (collectively, "Releasors"), for good and valuable consideration, the receipt and legal sufficiency of which is hereby acknowledged, forever release and discharge Defendant, its officers, directors, shareholders, members, representatives, parents, affiliates (inclusive of the affiliates' subsidiaries and any joint ventures), subsidiaries, agents, attorneys, successors and assigns (the "Released Parties") of and from any and all actions, causes of action, demands, suits, cross-complaints, assertions, debts, obligations, damages, claims, losses, liabilities, sums of money, reckonings, controversies and accounts of whatsoever kind, nature or description, whether known or unknown, liquidated or unliquidated, absolute or contingent, presently existing or hereafter discovered, of whatever character, suspected or unsuspected, matured or unmatured, that the Releasors have or may have against the Released Parties, from the beginning of time until the date of this Agreement, that in any way relate to or arise out of the Released Parties' websites, mobile applications, or other digital offerings, inclusive of any such websites, apps or offerings operated by Defendant or an affiliate or operated by a third party on behalf of or for the benefit of Defendant or an affiliate, and third-party tools or technologies thereon; the Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*, and analogous state laws inclusive of the California Penal Code §§ 630 *et seq.*; the subject matter of the Action, or in any way related to the allegations made in the Action; and any costs, attorneys' fees, expert fees, consultant fees, or any expenses incurred in connection with the Action ("Released Claims").

b.    <u>Waiver of California Civil Code § 1542 and Similar Laws</u>. Plaintiff expressly waives and relinquishs any and all rights that she has or may have relating to the Released Claims under (a) Section 1542 of the Civil Code of the State of California, which reads:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

(b) by any law of any and all equivalent, similar, or comparable federal or state rules, regulations, laws, or principles of law of any other jurisdiction that may be applicable herein.

4.    <u>Dismissal of the Action.</u> Within five days of receipt of the Payment, Plaintiff shall take all steps necessary to dismiss the Action, and her individual claims, with prejudice. For clarity, claims of absent putative class members may be dismissed without prejudice. The Parties agree that in the interim, Plaintiff shall take all other necessary steps to ensure the matter is stayed and no fees or costs are assessed or accrued.

5.    <u>Acknowledgment by Plaintiff.</u> Plaintiff acknowledges that she may hereafter discover facts different from, or in addition to, those which they now believe to be true with respect

*Arisha Byars v.*
*The Goodyear Tire & Rubber Co.*

to the Released Claims above.  On her own behalf and on behalf of the Releasors, Plaintiff agrees that the foregoing release and waiver shall be and remain effective in all respects notwithstanding such different or additional facts or discovery thereof, and that this Agreement contemplates the extinguishment of all such Released Claims. By executing this Agreement, Plaintiff acknowledges the following: (a) she is represented by counsel of her own choosing; (b) she has read and fully understands the provisions of California Civil Code § 1542; and (c) she has been specifically advised by her counsel of the consequences of the above waiver and this Agreement generally.

6.      No Knowledge of and No Intent to Solicit Others to Sue. Plaintiff represents and warrants that she does not have knowledge of and has no intention of soliciting any other persons (including natural persons, businesses or any type of entity) to file, or contemplate filing, claims, lawsuits, arbitration, or any other proceedings against Defendant or the Released Parties. In addition, Plaintiff represents that she has not initiated any proceedings whatsoever in any forum or jurisdiction against Defendant or the Released Parties.

7.      Covenant Not to Sue. Upon execution of this Agreement by the Parties, Plaintiff automatically and without further action or notice agree not to commence, maintain, assert, or otherwise participate willingly or voluntarily in any lawsuit, arbitration, mediation or other type of proceeding against the Released Parties, either directly or indirectly, derivatively, on their own behalf, or on behalf of the general public or any class or any other person or entity regarding the Released Claims. Nothing in this Agreement shall prohibit the Released Parties from interposing the argument, and tendering evidence relating thereto, that this Agreement provides a total or partial defense against any subsequent claim, defense, counterclaim, action, litigation, arbitration or other proceeding by Plaintiff or the Releasors which in the Released Parties' sole determination may involve, implicate, relate to or touch upon any of the Released Claims.

8.      Release as Defense to Further Action. This Agreement may be pleaded as a full and complete defense to any action, suit, or other proceeding that may be instituted or prosecuted with respect to any of the Released Claims. The Parties agree that the Agreement may be pleaded as necessary for the purpose of enforcing the Agreement in any court of competent jurisdiction. This release, however, specifically excludes any claims arising out of a failure of a Party to perform in conformity with the terms of this Agreement. Nothing in this Agreement shall preclude any action to enforce the terms of this Agreement.

9.      Attorneys' Fees, Costs and Expenses. Each Party will pay their own costs, expenses (including, as applicable, expert expenses), and attorneys' fees incurred in pursuing their Disputes and reaching this Agreement, without seeking any reimbursement from the other Party.

10.     Confidentiality. Plaintiff and her counsel shall keep the terms of this Agreement confidential and shall not reveal its contents to anyone except their respective lawyers and financial or tax professionals, when lawfully required to do so, or when seeking enforcement of this Agreement or any of its terms. Plaintiff and her counsel will not otherwise comment on the Action except to state that the matter was resolved by agreement. Neither Plaintiff nor her counsel shall publicize any aspect of the Action or this Agreement. In the event that any Party hereto is served with a subpoena, discovery request, or other document (each, a "Demand") that could lead to a court order compelling disclosure of this Agreement, the Party served with the Demand shall promptly notify the other Parties. Each Party also shall afford the other Parties the opportunity to

3

*Arisha Byars v.*
*The Goodyear Tire & Rubber Co.*

move to intervene to contest the validity of such Demand. No Party will oppose or otherwise prejudice another Parties' efforts in the above, including, but not limited to, any motion to intervene and any efforts to oppose such Demand. The Party to whom the Demand is addressed shall not make any disclosure of this Agreement for at least thirty (30) calendar days following receipt of the Demand to permit the other Parties to preserve its confidentiality unless earlier disclosure is required by a court order, in which case disclosure shall be delayed for as long as legally permitted to allow the other Party to attempt to preserve the confidentiality of this Agreement.

11.    <u>Disclosure of this Agreement; Irreparable Injury</u>. Plaintiff and her counsel acknowledge and agree that, except as provided herein, the disclosure of information related to the terms or existence of this Agreement would cause Defendant to suffer immediate, irreparable injury for which money damages would be an inadequate remedy, and that Defendant will be entitled to injunctive relief, as provided for under applicable law or equity, without being required to post any bond or other security, in the event of any such breach. Injunctive relief will not be deemed the exclusive remedy for any such breach, but will be in addition to all other remedies available under applicable law or equity.

12.    <u>Non-Disparagement</u>. Plaintiff and her attorneys will not, directly or indirectly, make any negative or disparaging statements against Defendant, maligning, ridiculing, defaming, or otherwise speaking ill of Defendant or Released Parties, and their business affairs, practices or policies, standards, or reputation (including but not limited to statements or postings harmful to Defendant business interests, reputation or good will) in any form (including but not limited to orally, in writing, on social media, internet, to the media, persons and entities engaged in radio, television or Internet broadcasting, or to persons and entities that gather or report information on trade and business practices or reliability) that relate to this Agreement or any matter covered by the release within this Agreement.

13.    <u>No Admission of Fault or Liability</u>. It is understood and agreed that this Agreement and the performance by any Party of its obligations herein, including payment of the Settlement Funds by Defendant, are for the sole purpose of compromising the Released Claims, and that this Agreement shall not be deemed or construed as an admission of liability or fault by any Party, with liability and fault being expressly denied by each Party.

14.    <u>No Presumption Against Drafter</u>. Should any provision of this Agreement require interpretation or construction, then this Agreement shall be interpreted and construed without any presumption that the provisions of this Agreement are to be construed against the Party which itself or through its agents or attorneys prepared this Agreement. The Parties and their attorneys have fully and equally participated in the preparation, negotiation, review and approval of this Agreement.

15.    <u>Authority</u>. Each of the Parties represents that the person signing this Agreement on its behalf has the authority to execute this document and thereby bind it, and each of the persons signing this Agreement represents that he or she has the authority to execute this document on behalf of the entity for which he or she is signing.

4

*Arisha Byars v.*
*The Goodyear Tire & Rubber Co.*

16.     Entire Agreement. This Agreement contains the entire agreement between the Parties. All prior representations and agreements, whether oral or in writing, have been merged into and replaced by this Agreement.

17.     Binding Nature. The Parties acknowledge that each and every covenant, warranty, release and agreement contained herein shall insure to the benefit of, and be binding upon, the agents, subsidiaries, parents, affiliates, employees, officers, directors, shareholders, members, managers, assigns, and successors in interest of the Parties.

18.     Modifications and Waiver. No supplement, modification or amendment of this Agreement shall be binding unless executed in writing by the Parties. No waiver of any provisions of this Agreement shall be deemed to constitute a continuing waiver. No waiver shall be binding unless set forth in writing, signed by the Party making the waiver. The failure of any Party to enforce at any time any provision of this Agreement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Agreement or any part hereof, or the right of any Party thereafter to enforce that provision or each and every other provision.

19.     Warranties. All warranties and representations made herein are not mere recitals and survive the execution of the Agreement. The Parties each represent and warrant to and agree with each other as follows:

a.      The Parties have received independent legal advice from attorneys of their choice with respect to the advisability of entering into this Agreement.

b.      In connection with the execution of this Agreement and the making of the settlement provided for herein, no Party to this Agreement has relied upon any statement, representation or promise of any other party not expressly contained herein.

c.      The Parties have made such investigation of the facts pertaining to the releases contained herein as they deem necessary.

d.      The Parties hereto expressly assume the risk of any mistake of fact with regard to any aspect of this Agreement.

e.      This Agreement has been carefully read by each of the Parties and the contents thereof are known and understood by each of the Parties. This Agreement is signed freely by each Party executing it.

f.      The Parties represent and warrant that they have not assigned or otherwise transferred (voluntarily, involuntarily or by operation of law) any right, title or interest in any claim or defense that they have, may have or may have had and which is the subject of this Agreement.

g.      Each Party whose signature is affixed hereto in a representative capacity represents and warrants that he or she is authorized to execute this Agreement on behalf of and to bind the person or entity on whose behalf his or her signature is affixed.

5

*Arisha Byars v.*
*The Goodyear Tire & Rubber Co.*

20.     Governing Law and Forum. This Agreement shall be governed by, construed and enforced in accordance with the internal laws of the State of California notwithstanding its conflict of laws, principles, or any other rule, regulation, or principle that would result in the application of any other state's law. Any litigation arising from or related to this Agreement shall be brought in the appropriate federal or state court in the State of California.

21.     Severability. Whenever possible, each provision of the Agreement shall be interpreted in such a manner as to be effective and valid under applicable law. If any provision of the Agreement is held to be voidable or unenforceable under applicable law, such provision shall be severed from the Agreement without invalidating the remainder of the Agreement, which shall remain in full force and effect.

22.     Consultation with Attorneys. Each of the Parties declares and acknowledges that they have read and understand the terms of this Agreement, that they have been represented by or have had the opportunity to consult with attorneys with regard to the execution of this Agreement, and that they execute this Agreement voluntarily after the opportunity to consult with their attorneys and without being pressured or influenced by any statement or representation made by any person acting on behalf of the other Party.

23.     Tax Implications for Plaintiff. Defendant makes no representation or warranty, and provides no advice, regarding the tax consequences, if any, of this Agreement. Plaintiff is advised to consult with an appropriate accounting or tax professional regarding any tax implications of this Agreement.

24.     Notices. Notices required under this Agreement shall be provided by email and U.S. mail as follows:

**To: Plaintiff**                          -and-
Scott J. Ferrell                            Adrian R. Bacon
4100 Newport Place, Suite 800               21031 Ventura Blvd., Suite 340
Newport Beach, CA 92660                     Woodland Hills, CA 91364
949-706-6464                                877-633-0228
sferrell@pacifictrialattorneys.com          abacon@toddflaw.com


**To: Defendant**                           -and-
Ashley Shively                              The Goodyear Tire & Rubber Company
Holland & Knight LLP                        Legal Department
560 Mission Street, Suite 1900              200 Innovation Way
San Francisco, CA 94105                     Akron, Ohio 44316
Ashley.Shively@hklaw.com

25.     Counterparts. This Agreement may be signed in two or more identical counterparts, each of which shall be deemed an original and all of which, together, shall be deemed one and the same instrument. A signature transmitted electronically or by facsimile shall be deemed the equivalent of an original signature.

*Arisha Byars v.*
*The Goodyear Tire & Rubber Co.*

The Parties have executed this Settlement Agreement, including all signature pages, as of the Effective Date.

*Remainder of Page Intentionally Left Blank*

7

*Arisha Byars v.
The Goodyear Tire & Rubber Co.*

IN WITNESS WHEREOF the undersigned Parties do hereby execute this Agreement as of the
Effective Date.

Date: 3/8/2024

**ARISHA BYARS**

DocuSigned by:

By: Arisha Byars, in her individual capacity

Date: 3 -13 - 24

**THE GOODYEAR TIRE & RUBBER CO.**

By: Daniel T. Young

Its: Secretary

**APPROVED AS TO FORM AND CONTENT (AND AGREED, WHERE APPLICABLE):**

**PACIFIC TRIAL ATTORNEYS**
Attorneys for Plaintiff

By: Scott J. Ferrell

Date: 3/8/2024

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff

Adrian R. Bacon
By: Adrian R. Bacon

Date: 03/08/2024

**HOLLAND & KNIGHT LLP**
Attorneys for The Goodyear Tire & Rubber Co.

By: Ashley L. Shively

Date: 3/13/2024

8

*Arisha Byars v.
The Goodyear Tire & Rubber Co.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, I electronically filed the foregoing **DECLARATION OF TODD M. FRIEDMAN IN SUPPORT OF PLAINTIFF'S UNOPPOSED APPLICATION FOR LEAVE TO FILE PORTIONS OF DOCUMENT UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 79.5** with the Clerk of the Court using the CM/ECF system which will send notification of such filing via electronic mail to all counsel of record.

*/s/ Todd M. Friedman*
Todd M. Friedman